**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

**Rev. Dennis Briggs,**

**Plaintiff,**

**-vs-**

**Medina County, Ohio,**

**Defendant.**

**Case No. 1:21cv1400**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION AND ORDER**

On July 20, 2021, *pro se* plaintiff Rev. Dennis Briggs filed this civil rights action under 42 U.S.C. § 1983 against "Medina County, Ohio." (Doc. No. 1). For the following reasons, this action is dismissed.

## I. Background

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 challenging his arrest for criminal trespass in January 2021. Plaintiff alleges that he is awaiting trial on that charge in Wadsworth Municipal Court in Case No. 21CRB0007-A. He claims that he was arrested for "camping in the public right of way with the permission of the landowner." (Doc. No. 1). Plaintiff requests damages and a temporary injunction to stop prosecution.

Defendant filed a Motion to Dismiss, stating that Plaintiff makes no viable claim against Medina County, Ohio, and that Plaintiff's criminal trespass case is in Wadsworth Municipal Court and should therefore be addressed in that court. (Doc. No. 4). Defendant later amended its Motion

to add that Plaintiff's trial had proceeded in Wadsworth Municipal Court and a jury convicted Plaintiff of criminal trespass. (Doc. No. 6).

**II. Standard of Review**

By separate order, the Court granted this *pro se* plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Accordingly, because Plaintiff is proceeding *in forma pauperis*, and seeks relief from a government defendant, his Complaint is before the Court for initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes require district courts to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, officers, or employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Although a complaint filed by a *pro se* plaintiff is "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), a *pro se* complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid a dismissal for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A and 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's Complaint must be dismissed under §§ 1915A and 1915(e)(2)(B).

**III. Law and Analysis**

As an initial matter, the Complaint is subject to dismissal because it fails to meet basic pleading requirements by identifying how the defendant "Medina County, Ohio" was personally involved in an alleged rights violation. It is a basic pleading requirement that a plaintiff attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Where, as here, "Medina County, Ohio" is named as a defendant without allegations of discernible specific conduct relating to Plaintiff's purported claim, the Complaint is subject to dismissal even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, to the extent that the criminal proceedings referred to in the Complaint have concluded, and success on his claims in this action would call into question the validity of those proceedings, Plaintiff's claims are not cognizable under § 1983 unless he has succeeded in having

any resulting conviction or sentence invalidated or called into question by a federal habeas corpus proceeding, which he has not alleged. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Plaintiff's claims challenging the validity of any conviction or sentence cannot be brought pursuant to § 1983 - his sole federal remedy is habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

To the extent Plaintiff's criminal proceedings are still pending in the state court, and Plaintiff asks this Court to intervene, the Court may not do so. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if Plaintiff's criminal proceedings are still pending, all three factors supporting abstention are present. Criminal proceedings implicate important state interests. *See Leveye*, 73 F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43-45). And concerning the final factor of the *Younger* abstention, in the absence of "unambiguous authority to the contrary," the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to present his federal claims in the pending

state court proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987); *see also Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, at *6 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim). The Court must therefore abstain from interfering with Plaintiff's pending criminal proceedings.

Finally, to the extent that that Plaintiff's complaint constitutes an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), *amended on other grounds* 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to consider Plaintiff's complaint to the extent that Plaintiff is seeking to be relieved of the consequences of the state proceedings.

## IV. Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Defendant's Motion to Dismiss (Doc. No. 4) is denied as moot.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date: 10/26/2021